64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HEATH, First Named Class Representative, et al.,
Plaintiffs-Appellees, Cross-Appellants,
v.
Joseph M. DeCOURCY, Norman A. Murdock and Robert A. Taft,
II, as Commissioners of Hamilton County, Ohio, and Simon L.
Leis, Jr., as Sheriff of Hamilton County, Ohio
Defendants-Appellants, Cross-Appellees.
 Nos. 94-3579, 94-3581.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants, three commissioners and the sheriff of Hamilton County, Ohio ("officials"), appeal the district court's award of attorneys' fees to plaintiffs, a class of present and future inmates of the county jail ("inmates"). The officials assert that the district court abused its discretion in awarding attorneys' fees and expenses in the amount of $54,066.57 and erred in holding that the inmates did not waive their right to seek attorneys' fees and expenses. The inmates cross-appeal the amount of fees awarded. For reasons stated herein, the district court's award of attorneys' fees is affirmed in part, reversed in part, and remanded for recalculation.
 
 I.
 
 2
 The underlying action in this case was a class action prisoner civil rights case, challenging overcrowding and double-celling, against the county sheriff and commissioners. After much negotiation, two motions to modify the Agreed Final Judgment, and a motion by the inmates to enforce the judgment or hold the officials in contempt, the parties finally resolved the issues as set forth in the Second Agreed Modification of Agreed Final Judgment ("final consent decree").
 
 
 3
 In their motions to modify the consent decree, the officials sought to increase the existing inmate population limit from 1,106 to 1,422, lift the existing double-celling classification restrictions, and lift the 90-day limit on the number of days an inmate could be double-celled. The final consent decree increased the existing inmate population to 1,240, with an allowance for a short-term (fourteen day) twenty-five percent increase under special conditions. The decree also provided for limited-duration double-celling under certain circumstances. The final consent decree expressly stated that the parties had not resolved payment of attorneys' fees.
 
 
 4
 The inmates moved for attorneys' fees and expenses incurred in bringing contempt charges against the officials, in opposing the officials' motions to modify the consent decree, and in appealing the district court's judgment terminating judicial supervision pursuant to the court's sua sponte motion. The district court awarded them attorneys' fees of $54,066.57. On appeal, the officials contend that the inmates were not a prevailing party, and, even if they were, they had waived their right to seek attorneys' fees in an agreement and release entered into at the time of the first Agreed Final Judgment. The officials also argue that the inmates' fee application was not timely filed, and that special circumstances rendered an award unjust. Finally, the officials allege error in the calculation of the amount of the award. The inmates' cross-appeal challenges the amount of the award as too low.
 
 II.
 
 5
 The Agreement and Release entered into by the parties at the time of the first Agreed Final Judgment provided that the officials pay the inmates' attorneys $42,000.00 as payment in full for all expenses, including attorneys' fees, that had been and would be incurred in "prosecuting" the case. Therefore, the inmates have waived their right to attorneys' fees incurred in the prosecution of the underlying case, including opposition to the motion to modify and the appeal of the court's sua sponte motion to dismiss the consent decree (and thereby terminate judicial supervision), which are considered "prosecution" of the case. The release does not preclude, however, recovery of reasonable fees incurred in successfully bringing contempt charges against one or more of the officials, as these actions are not considered prosecution of the case. Moreover, the Agreement and Release specifically allowed future recovery of expenses incurred in successfully bringing contempt charges against one or more of the officials.
 
 
 6
 The officials acknowledge that the release does not waive the inmates' right to fees incurred in bringing successful contempt charges. They argue, however, that the inmates were not successful in the contempt proceedings because they were not held in contempt. The Motion to Show Cause why the officials should not be held in contempt, however, prompted compliance by the defendants to avoid being found in contempt. The proceedings, therefore, were successful, and the inmates were a "prevailing party." Moreover, had the officials, whose counsel drafted the release, intended to limit "successful" contempt proceedings to those in which the court adjudged them in contempt, the document should have explicitly said so, as did the document governing monitoring for compliance. That document, however, applies only to routine monitoring of compliance with the decree, not this litigation.
 
 
 7
 Thus, an award of attorneys' fees is appropriate only for those fees associated with the contempt proceedings. The inmates argue, however, that even though a fee award was proper, the district court abused its discretion in determining the amount. In federal civil rights actions "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the cost." 42 U.S.C. Sec. 1988. We therefore review the award of attorneys' fees for abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). As stated in Louisville Black Police Officers Org., Inc. v. Louisville, 700 F.2d 268, 274 (6th Cir. 1983), "the district court judge who presided over a case is in the best position to evaluate the reasonableness of fee requests, both in terms of the number of hours spent and a reasonable hourly rate of compensation."
 
 
 8
 The district court calculated attorney fees under the "lodestar" method, which requires the number of hours reasonably expended by the attorney to be multiplied by the attorney's reasonable hourly rate. Hensley, 461 U.S. at 433. The inmates contend that, under the lodestar calculation, the district court erred in reducing the attorneys' hourly rates and by excluding hours billed for a second chair attorney at depositions.
 
 
 9
 "'[R]easonable fees' under Sec. 1988 are to be calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). The court based its determination of hourly rates, in part, on testimony regarding customary rates and documentation of rates earned by trial counsel in prior matters. The court also took into account the level of experience of each attorney, as well as the nature of work performed. There is no basis for concluding that this determination constitutes an abuse of discretion.
 
 
 10
 The inmates challenge the discounting of the fee award to eliminate compensation for unnecessary duplication of effort such as billing for both attorneys at a deposition conducted by only one. The district court, however, is required to exclude hours that are not "reasonably expended." Hensley, 461 U.S. at 434. The district court, which had first-hand knowledge of the complexities of this case, felt that either trial counsel was fully capable of conducting the depositions in question without benefit of a second chair. It was within its discretion in excluding part of the time charged for a second lawyer at depositions.
 
 
 11
 The court is within its discretion in using the lodestar calculation, although calculation on remand is limited to fees or expenses incurred in bringing the contempt charges. However, in its first calculation, it reduced the fee amount based on the inmates' degree of success on the merits. The fee must be reasonable in light of the results obtained. See Hensley, 461 U.S. at 434-436. The district court's assertion that the lodestar can be reduced based on the inmates' level of success is correct. See, e.g., Scales v. J.C. Bradford and Co., 925 F.2d 901, 910 (6th Cir. 1991).
 
 
 12
 It is not clear, however, that the inmates' level of success in the contempt proceedings is limited to sixty percent. The district court compared the prison population increase attained with the total amount sought. With regard to opposition of the motions to modify, the inmates succeeded in limiting the prison population increase by only a portion of the amount of increase requested by the sheriff, and were successful in limiting the conditions under which inmates could be double-celled. However, in the contempt proceedings, the inmates' goal of forcing the defendants to comply with the consent decree was met. The court based its measure of the inmates' success primarily on prison population figures, which were the subject of the motion to modify, not the contempt proceedings. On remand, any reduction based on the inmates' level of success should be based on a finding of their level of success in the contempt proceedings.
 
 
 13
 The officials' assertion that the inmates fee application was untimely filed is untenable. S.D. Ohio Local Rule 54.2 requires an attorney's fee application to be filed within thirty days after entry of judgment "[e]xcept as otherwise provided" by order of the court. The inmates' first fee application was denied pending the first appeal. A second appeal was filed, which was consolidated with the first appeal. The consolidated appeal was decided on April 30, 1993, with this Court reversing and vacating the two lower court orders. See Health v. DeCourcy, 992 F.2d 630 (6th Cir. 1993). The matter was remanded, and, after months of negotiations, the parties agreed to the Second Agreed Modification of Agreed Judgment. This modification specifically states that the parties had not resolved attorneys' fees. When negotiations regarding attorneys' fees were unsuccessful, the parties jointly requested, and the lower court ordered, an extension of time to December 6, 1993. The application, which was filed on December 6, 1993, was timely.
 
 
 14
 Finally, the officials allege that special circumstances render an award unjust. Although they are correct that fees should be awarded under 42 U.S.C. Sec. 1988 "unless special circumstances would render such an award unjust," Kentucky v. Graham, 473 U.S. 159, 164 (1985), they fail to establish such "special circumstances." Instead, the officials merely repeat their previous arguments and suggest that those arguments constitute special circumstances. This argument is without merit.
 
 
 15
 The district court's award of attorney's fees and expenses relating to the motions to modify and the sua sponte motion to terminate judicial supervision is REVERSED. The award of attorney's fees and expenses incurred by the inmates in bringing contempt charges is REMANDED for recalculation consistent with this opinion.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation